UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| EILEEN THOMPSON,<br><br>           Plaintiff<br><br>v.<br><br>CHEVIN FLEET SOLUTIONS, LLC<br><br>           Defendant | CIVIL ACTION NO.: |

**COMPLAINT AND JURY DEMAND**

### I.      INTRODUCTION

Plaintiff Eileen Thompson ("Ms. Thompson" or "Plaintiff") brings this action for damages against Chevin Fleet Solutions, LLC ("Company," "CFS," or "Defendant") asserting claims for failure to pay wages, including commissions and overtime, along with claims for retaliation and wrongful termination of her employment in relation to complaints about her unpaid commissions.

### II.     JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims arising under federal law.

2.      In addition, this Court has pendent jurisdiction over Plaintiff's claims arising under Massachusetts law.

3.      This Court has personal jurisdiction over the parties because Defendant is a foreign limited liability company with a principal office located at 347 Lunenburg Street, Fitchburg, Massachusetts 01420.

4.      Defendant may be served through its registered agent, John Davis, at 347

Lunenburg Street, Fitchburg, Massachusetts 01420.

5. Plaintiff is an adult resident of the Commonwealth of Massachusetts.

6. Defendant employed Plaintiff during all relevant times hereto.

7. The venue of this action is proper in the Central Division of the District of Massachusetts because Defendant has a principal office in Worcester County.

8. Venue is also proper in the Central District of the District of Massachusetts because Plaintiff resides in Worcester County.

9. In addition, many of the wrongful acts complained of against Defendant occurred in Worcester County.

### III. THE PARTIES

10. Eileen Thompson is a former employee of the Company and may be contacted through the undersigned counsel.

11. Chevin Fleet Solutions, LLC is a foreign limited liability company organized and existing under the laws of Delaware with a principal office located at 347 Lunenburg Street, Fitchburg, Massachusetts 01420.

### IV. STATEMENT OF FACTS

12. On or about February 6, 2020, the Company hired Ms. Thompson as a Customer Relations Manager.

13. The Company classified Ms. Thompson as a salaried employee.

14. The Company paid Ms. Thompson on a monthly basis.

15. The Company did not pay Ms. Thompson on a bi-weekly basis.

16. The Company is in the business of selling software that allows companies to manage their processes for fleet management systems.

17. The Company provided Ms. Thompson with an offer letter which stated, among other things, that her position will be to manage Chevin's relationship with its customers across North America.

18. In this position, Ms. Thompson attempted to maintain and service Company accounts.

19. Ms. Thompson also attempted to make additional sales to these accounts.

20. In maintaining accounts, Ms. Thompson was not allowed to exercise discretion regarding matters of significance.

21. She was not permitted to provide quotes or price services without approval from a supervisor.

22. Ms. Thompson was not allowed to resolve escalated customer issues without approval from a supervisor.

23. The Company's offer letter also stated that, in addition to her salary, there was a bonus potential of $20,000.00 per year.

24. The bonus was dependent on Ms. Thompson's sales and maintenance efforts.

25. Thus, the bonus was actually commissions Ms. Thompson could earn, rather than a discretionary bonus.

26. The specific bonus/commission metrics were then provided by the Company near or following the end a given quarter.

27. While the bonus/commission was performance based, the Company repeatedly failed to disclose the metrics until after a quarter closed.

28. The Company agreed that Ms. Thompson would be fully paid for her work.

29. Ms. Thompson regularly worked over 40 hours in a work week.

30. The Company failed to pay Ms. Thompson for any of her hours worked over 40 at 1.5 times her regular rate of pay.

31. In addition, Ms. Thompson was not compensated for all bonus/commissions earned and due to her.

32. In or around August of 2020, the Company provided a letter to Ms. Thompson indicating that her job title would change to Customer Success Manager.

33. The letter also indicated that all other terms and conditions of Ms. Thompson's employment remained unchanged.

34. On or about September 1, 2020, Ms. Thompson received a letter regarding a merit award with a salary increase.

35. The September 2020 letter indicated that all other terms and conditions of Ms. Thompson's employment would remain unchanged.

36. Ms. Thompson's job duties did not materially change after the merit award and salary increase in September 2020.

37. Ms. Thompson's requirements to earn a bonus/commissions did not change at this time.

38. In addition, the amount of the bonus/commissions Ms. Thompson could earn did not change in September 2020 or at any time thereafter.

39. Ms. Thompson brought the issue of the Company's failure to disclose the metrics required to earn a bonus/commission on a timely basis to management's attention.

40. Ms. Thompson brought the issue of the Company's failure to disclose the metrics required to earn a bonus/commission on a timely basis to management's attention on multiple occasions.

**Complaint and Jury Demand - Page 4**

41. This was with the hope of receiving notification of the performance metrics required on a timely basis to earn her bonus/commission.

42. Ashley Sowerby of the Company confirmed that issues existed with the metrics and data used to determine bonus/commission payments.

43. Mr. Sowerby stated to Ms. Thompson that the metrics and data used to determine bonus/commission payments were not, at the time, verifiable, reviewable, or accurate.

44. Ms. Thompson further provided Mr. Sowerby with all the relevant information she had regarding her Q4 2020 bonus/commissions earned.

45. This led to an increase in the Q4 2020 bonus/commission payment after an approximate six-week review by Mr. Sowerby.

46. Mr. Sowerby further indicated that, beginning in Q1 2021, all bonus/commissions' metrics would be verifiable and accurate.

47. Despite Mr. Sowerby's statements, Ms. Thompson never received the metrics for her Q1 2021 bonus/commission eligibility.

48. Following the lack of metrics from Q1 2021, Ms. Thompson again raised concerns regarding the Company's lack of transparency.

49. Shortly thereafter, on January 11, 2021, the Company terminated Ms. Thompson's employment.

50. Prior to her employment termination, Ms. Thompson had never received any formal discipline during her time with the Company.

51. Prior to her employment termination, Ms. Thompson had never received any informal discipline during her time with the Company.

52. At this time, Ms. Thompson does not have access to the information and records

necessary to determine the exact value of wages and benefits she should have received as an employee of the Company but did not.

53. However, Ms. Thompson estimates that the Company significantly shorted her wages, including earned bonus/commissions.

54. Defendant intentionally deprived Ms. Thompson of her wages (including commissions) and overtime through the Company's workplace practices and/or policies.

55. The Company terminated Ms. Thompson's employment for engaging in protected activity, namely complaining about the lack of transparency regarding metrics used to determine bonus/commissions eligibility.

56. On or about July 9, 2021, Ms. Thompson filed a Non-Payment of Wage and Workplace Complaint Form with the Massachusetts Attorney General's Office.

57. A copy of Ms. Thompson's private right of action letter from the Massachusetts Attorney General's Office is attached hereto as Exhibit 1.

58. All procedural prerequisites have been met or waived with regard to the claims being brought herein.

### V. LEGAL CLAIMS
### COUNT I – OVERTIME VIOLATIONS
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. §207 *et seq.*)

59. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

60. The Company employed Plaintiff for work weeks longer than forty hours.

61. During the weeks where Plaintiff worked more than forty hours, the Company did not compensate Ms. Thompson at a rate equal to at least one and a half of her regular rate for hours in excess of forty per week as required by the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 207 et seq.

62. Defendant committed these violations knowingly, willingly, and repeatedly.

63. Ms. Thompson has suffered damages due to Defendant's actions.

### COUNT II – OVERTIME VIOLATIONS
### (Mass. Gen. Laws, c. 151, § 1A *et seq.*)

64. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

65. The Company employed Plaintiff for work weeks longer than forty hours.

66. During the weeks where Plaintiff worked more than forty hours, the Company did not compensate Ms. Thompson at a rate equal to at least one and a half of her regular rate for hours in excess of forty per week as required by Mass. Gen. Laws, c. 151 § 1A et seq.

67. Defendant committed these violations knowingly, willingly, and repeatedly.

68. Ms. Thompson has suffered damages due to Defendant's actions.

### COUNT III – FAILURE TO PAY WAGES
### (Mass. Gen. Laws, c. 149, §§ 148 and 150)

69. Plaintiff re-alleges the factual allegations in the paragraph above as if repeated herein.

70. The Company failed to pay Ms. Thompson for all commissions to which she was entitled during her employment with the Company in violation of Mass. Gen. Laws, c. 149 §§ 148 and 150.

71. Defendant committed these violations knowingly, willingly, and repeatedly.

72. Ms. Thompson has suffered damages due to Defendant's actions.

### COUNT IV – RETALIATION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3))

73. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated

herein.

74. 29 U.S.C. § 215(a)(3) makes it unlawful for an employer to take an adverse employment action against an employee on the basis of the employee complaining about wages.

75. Ms. Thompson sought to enforce her rights by alerting the Company that she thought she was not properly being paid for all her wages and/or commissions.

76. Ms. Thompson sought to enforce her rights by requesting metrics and data used to calculate bonus/commissions eligibility.

77. Thereafter, the Company retaliated against her by terminating her employment.

78. These actions were committed knowingly and willfully.

79. As a result of Defendant's retaliatory conduct, Ms. Thompson has suffered damages.

**COUNT V – RETALIATION**
**(Mass. Gen. Laws, c. 149 § 148A)**

80. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

81. Mass. Gen. Laws. c. 149 § 148A provides that "[n]o employee shall be penalized by an employer in any way as a result of any action on the part of an employee to seek his or her rights under the wage and hours provisions of this chapter."

82. Ms. Thompson sought to enforce her rights by alerting the Company that she thought she was not properly being paid for all her wages and/or commissions.

83. Ms. Thompson sought to enforce her rights by requesting metrics and data used to calculate bonus/commissions eligibility.

84. Thereafter, the Company retaliated against her by terminating her employment.

85. These actions were committed knowingly and willfully.

86. As a result of Defendant's retaliatory conduct, Ms. Thompson has suffered damages.

### COUNT VI – BREACH OF CONTRACT

87. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

88. The Company agreed that Ms. Thompson would be paid for her services.

89. This included being paid for her regular rate wages, overtime, and commissions earned and due.

90. Ms. Thompson performed her obligations under the parties' agreement.

91. The Company breached its contract with Ms. Thompson by not paying her the full amount owed to her under the parties' agreement.

92. Ms. Thompson has suffered damages due to the Company's breach of contract.

### COUNT VII - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

93. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

94. The Company agreed that Ms. Thompson would be paid for her services.

95. This included being paid for her regular rate wages, overtime, and commissions earned and due.

96. Ms. Thompson performed her obligations under the parties' agreement.

97. The Company did not pay Ms. Thompson the full amount owed to her under the parties' agreement.

98. Every Massachusetts contract implies a covenant of good faith and fair dealing between the parties to it.

99. The Company breached the implied covenant of good faith and fair dealing by taking actions to destroy or injure Ms. Thompson's rights to the fruits of her agreement with the Company.

100. The Company further breached the implied covenant of good faith and fair dealing by, among other things, knowingly failing to pay Ms. Thompson the full amount for all her services rendered.

101. Ms. Thompson has suffered damages as a result of the Company's failure to allow Ms. Thompson to reap the full benefits of her contract with the Company.

## COUNT VIII – UNJUST ENRICHMENT

102. Plaintiff re-alleges the factual allegations in the paragraphs above as if repeated herein.

103. During her employment with the Company, the Plaintiff conferred numerous benefits and services upon Defendant for which she was not properly compensated.

104. These services include, but are not limited to, the time Ms. Thompson spent working for the Company for which she was not paid overtime and commissions earned and due.

105. Defendant was aware of and appreciated said benefits.

106. Acceptance or retention by Defendant of the benefits under the circumstances would be inequitable without payment for their value.

107. As direct result of the unjust enrichment by the Defendant as described herein,

Plaintiff has suffered damages.

## VI.   PRAYERS FOR RELIEF

WHEREFORE, Ms. Thompson requests the following relief:

A. Judgment against Defendant for the injuries caused by Defendant as described above;

B. For treble damages and statutory enhancement of damages as provided by applicable Massachusetts and federal law;

C. For attorneys' fees, interest, and costs; and

D. Such other and further relief as this Court deems appropriate.

## VII.   JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.


Dated: September 7, 2021

Respectfully submitted,
Eileen Thompson
By and through her attorneys,

*/s/ Shehzad Rajwani*
Shehzad S. Rajwani (BBO # 674442)
Herling Romero (BBO # 703870)
THE HARBOR LAW GROUP
300 West Main Street, Bldg. A, Unit 1
Northborough, MA 01532
(508) 393-9244 – Phone
(508) 393-9245 – Fax
srajwani@harborlaw.com
hromero@harborlaw.com